UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MEGAN DUKES, *et al.*,

       Plaintiffs,                        Case No. 3:20-cv-144

vs.

MCCLAY TRANSPORTATION          District Judge Michael J. Newman
USA, LLC, *et al.*,

       Defendants.

---

**ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO STAY BRIEFING
AND A RULING ON THEIR MOTION FOR SUMMARY JUDGMENT PENDING
RULING ON MOTIONS *IN LIMINE* AND NECESSARY DISCOVERY (DOC. NO. 63)**

---

This case is before the Court on Defendants' emergency motion to stay briefing on their summary judgment motion pending a ruling on their motions *in limine* and completion of necessary discovery ("stay motion"). Doc. No. 63. Defendants ask the Court to pause briefing on one of their two pending summary judgment motions and to reopen discovery so that they may depose two fact witnesses who offered affidavits in support of Plaintiffs' opposition memorandum. *Id.*; Doc. No. 57-1. The Court ordered expedited briefing on the stay motion. Doc. No. 64. Plaintiffs filed an opposition memorandum, and Defendants filed a reply brief. Doc. Nos. 67, 68. Defendants' stay motion is now ripe for review.

**I.**

Some summary of the relevant facts of this case is necessary, though the Court expresses no opinion on what facts are disputed and undisputed for purposes of the pending, but not yet ripe, summary judgment motions. This case arose from a tragic motor vehicle crash. Doc. No. 1. Defendant Todd Bowling was driving a tractor trailer northbound on I-75 when he veered left,

broke the guardrail, crossed the median, and collided head-on with a sedan.  *Id.* at PageID 2.  Three occupants of the sedan were killed, including a six-year-old.  *Id.*  Estates of two of the decedents sued Bowling and Defendant McClay Transportation USA, LLC, the owner of Bowling's tractor trailer.  *Id.*

Also heading northbound on I-75 that evening were Robert and Tamara Finn.  Doc. No. 57-1 at PageID 2296.  The Finns recalled that a truck was "weaving in its lane and driving erratically" so much so that it crossed into their lane as they tried to pass it.  *Id.*  The Finns learned on the news that night there was a deadly accident involving the same truck.  *Id.*  They contacted the Moraine Police Department and provided handwritten statements on February 25, 2020.  Doc. No. 65-1 at PageID 2416.  Plaintiffs produced the Finns' handwritten statements to Defendants on March 4, 2021.  *Id.*; Doc. No. 67 at PageID 2434.  Plaintiffs also named the Finns as liability witnesses on April 1, 2021.  Doc. No. 29 at PageID 105.  Defendants never noticed the Finns' deposition.

Defendants have filed two summary judgment motions in this case.  Doc. Nos. 49, 52.  Their stay motion concerns their first-filed summary judgment motion ("MSJ 1").  Doc. No. 49.  In response to MSJ 1, Plaintiffs attached affidavits from the Finns.  Doc. No. 57-1.

Defendants now ask the Court to stay the remaining MSJ 1 briefing schedule while they depose the Finns.  Doc. No. 63 at PageID 2408.  They argue that Plaintiffs' description of the Finns' knowledge in their witness disclosure was too vague to give them cause to notice their deposition.  *Id.*  Defendants insist that fairness requires staying their reply brief deadline until they take the Finns' deposition.  *Id.*

Defendants cite neither authority nor procedural rule to justify their request.  Doc. No. 63.  This might be because summary judgment movants rarely ask to reopen discovery.  After all,

Defendants' summary judgment motion argues that no genuine dispute of material fact precludes judgment in their favor.  Doc. No. 49 at PageID 562 ("As such and for the reasons articulated in their Memorandum in Support, there is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law").  Rule 56 anticipates that *non*movants may not have enough facts to adequately oppose summary judgment. Fed. R. Civ. P. 56(d).  In that case, the Court might defer a decision on, or deny, the summary judgment motion to permit more discovery. *See, e.g.*, *Cline v. Dart Transit Co.*, 804 F. App'x 307, 316 (6th Cir. 2020) (reversing as an abuse of discretion a district court's denial of the plaintiff's Rule 56(d) motion to afford a full opportunity to conduct discovery).  Courts apply the following *Plott* factors to determine whether the nonmovant deserves extra discovery:

> (1) when the moving party learned of the issue that is the subject of discovery, (2) how the discovery would affect the ruling below, (3) the length of the discovery period, (4) whether the moving party was dilatory, and (5) whether the adverse party was responsive to prior discovery requests

*Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1197 (6th Cir. 1995)) (cleaned up).  Though Rule 56(d) does not apply to movants like Defendants, the Court will hold Defendants to the *Plott* standard here.

*Whether the moving party was dilatory.*  The Court examines this factor first because the "main inquiry [under *Plott*] is 'whether the moving party was diligent in pursuing discovery." *Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)).  Defendants argue Plaintiffs concealed the nature of the Finns' testimony in its witness disclosure.  Doc. No. 63 at PageID 2408.  Merely calling them liability witnesses, Defendants say, was insufficient.  *Id.*  But this ignores that Plaintiffs produced the Finns' statements a month earlier in March 2021.  Doc. No. 67 at PageID 2434.  The Finns' handwritten statements are substantively no different from their affidavits.  *Compare* Doc. No. 57-1 at PageID

2296–300, *with* Doc. No. 65-1 at PageID 2416–17. If the Finns' affidavits gave Defendants cause to depose them, surely their earlier-disclosed statements did, too. Defendants cannot now make up for their lack of diligence during the discovery period by pausing briefing of their own summary judgment motion. *See, e.g.*, *Miller v. Del. Cnty. Comm'rs*, No. 2:13-cv-501, 2015 WL 2194789, at *3 (S.D. Ohio May 11, 2015) (denying Rule 56(d) motion where movant waited ten months to address discovery issue). *Plott* factor four weighs against Defendants.

*When the moving party learned of the issue that is the subject of discovery*. "This factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Doe*, 928 F.3d at 492–93. Defendants argue that the "something" that prevented them from deposing the Finns was Plaintiffs' vague description in their witness disclosure. Doc. No. 63 at PageID 2408. But, again, Plaintiffs produced the Finns' handwritten statements nearly a year before the close of discovery. Doc. No. 67 at PageID 2434. Defendants had ample time to notice their deposition before moving for summary judgment. *Plott* factor one weighs against Defendants.

*Whether discovery could alter the outcome of the motion*. This factor puts Defendants in an awkward position. To say this element tips in their favor is to concede a genuine dispute of material fact might preclude summary judgment. Doc. No. 50 at PageID 572. Perhaps recognizing this, they do not address this factor in their moving papers. Doc. Nos. 63, 68. *Plott* factor two is neutral.

*The length of the discovery period*. Discovery in this case lasted 18 months. The parties were given two discovery deadline extensions. Doc. Nos. 35, 47. Considering that Defendants had the Finns' statements in their possession in March 2021—over a year before discovery closed—they had sufficient time to take their depositions. *See, e.g.*, *Doe*, 928 F.3d at 494 (noting

"[a] discovery period of nearly two years is certainly somewhat lengthy"). *Plott* factor three weighs against Defendants.

*Whether the adverse party was responsive to discovery requests*. Plaintiffs' production of the Finns' statements satisfied any obligation they had to alert Defendants that the Finns had discoverable information. Doc. No. 67 at PageID 2439. Defendants do not dispute that Plaintiffs indeed produced the Finns' statements. Doc. Nos. 63, 68. *Plott* factor five weighs against Defendants.

In sum, Defendants have failed to demonstrate good cause to reopen discovery. They had an opportunity to depose the Finns. Defendants cannot now stop the summary judgment process they started to do so.

## II.

Defendants make one more request in their motion: they ask the Court to rule on their pending motions *in limine* before their reply brief is due. Doc. No. 63 at PageID 2408. The Court will decline to do so before summary judgment briefing is complete. *See, e.g.*, *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing district courts' "inherent authority to manage" their dockets in an "efficient and expedient" manner).

## III.

For the foregoing reasons, Defendants' stay motion is **DENIED**. Their reply brief in support of MSJ 1 is due on or before **May 23, 2022**.

**IT IS SO ORDERED.**

Date:  May 19, 2022                    s/Michael J. Newman
                                       Hon. Michael J. Newman
                                       United States District Judge